IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SUSAN UTTER | § | |
| | § | |
|   *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-422 |
| | § | |
| KUEHNE NAGEL INC. | § | |
| | § | |
|   *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Susan Utter ("Utter" or "Plaintiff") files this Original Complaint against Defendant Kuehne Nagel Inc. ("Defendant")

### I.

#### JURISDICTION AND VENUE

1.01 This court has jurisdiction pursuant to 28 U.S.C. § 1331.

1.02 Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1391(c). A substantial part of the events or omissions giving rise to these claims occurred in Dallas County, and Defendant maintains contacts in this district that are sufficient to subject them to personal jurisdiction in this district.

### II.

#### PARTIES

2.01 Plaintiff Susan Utter is an individual citizen of the United States who resides in Denton County, Texas.

2.02. Defendant Kuehne Nagel Inc. is a foreign for-profit corporation with offices in Coppell, Texas and Jersey City, New Jersey. Defendant conducts business in the State of Texas, and maintains several office locations in Dallas County, Texas. Service can be made upon Defendant to an officer at its Coppell, Texas office located at 921 W Bethel Rd, Suite #100, Coppell, TX 75019, or at its New Jersey office located at 10 Exchange Place, 19th Floor, Jersey City, NJ 07302-3918, or wherever found.

## III.

### BACKGROUND FACTS

3.01   Plaintiff was hired by Defendant on October 30, 2017 as a Sales Account Executive.

3.02   On or about February 19, 2019, Plaintiff sustained a work-related injury and was required to take extended leave of absence due to a serious health condition.

3.03   Plaintiff applied for FMLA intermittent leave, which was granted.

3.04   Plaintiff took her FMLA leave and kept the employer advised of the days when she would be absent.

3.05   On June 17, 2019, while still on FMLA Leave, Plaintiff was summarily terminated from her employment. The only reason that was given for Plaintiff's termination was her inability "to carry her weight". No other reason was given to Plaintiff for her termination of her employment.

## IV.

### COUNT 1: DENIAL OF SUBSTANTIVE FMLA RIGHTS

4.01   Susan Utter was an "eligible employee," as that term is defined in 29 U.S.C.A. § 2611(2)(A). She was employed by Defendant for at least 12 months and had worked at least

1,250 hours during the 12-month period preceding her request for leave.

4.02   Defendant was a "covered employer," as that term is defined in 29 U.S.C.A §2611(4)(A)(I).  Defendant was engaged in commerce, and it employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2019.

4.03   Plaintiff gave her employer adequate notice of the fact that she needed to take FMLA leave, and of the particular reason why she needed to take FMLA-protected leave.

4.04   Defendant was aware as of February, 2019 that Plaintiff had requested medical leave, and that her request for leave was for an FMLA-qualifying reason.

4.05   Plaintiff was not notified of her eligibility to take FMLA leave, in violation of 29 CFR § 825.300(b)(1) (requiring that such notification be provided within five business days after an employee requests FMLA leave).  Plaintiff was told to go ahead and take the leave, but she was not specifically informed of her eligibility under 29 CFR § 825.110(a).

4.06   Defendant also failed to provide Plaintiff with a written notice detailing the specific expectations and obligations of the employee while on leave as required by 29 CFR § 825.300(c)(1) (requiring that such notification be provided each time the eligibility notice is provided pursuant to paragraph (b)).   Specifically, Defendant failed to notify Utter of:

(A)   the applicable 12-month period for her FMLA entitlement, as required by 29 CFR 825.300(c)(1)(I);

(B)   her right to substitute paid leave, as required by 29 CFR 825.300(c)(1)(iii);

(C)   whether she would be required to substitute paid leave, as required by 29 CFR 825.300(c)(1)(iii);

(D)   what conditions, if any, applied to the substitution of paid leave, as required by 29 CFR 825.300(c)(1)(iii);

(E)   her entitlement to take unpaid FMLA leave if she did not meet the conditions for substituting paid leave, as required by 29 CFR 825.300(c)(1)(iii);

    (F)    the consequences of her failure to make premium payments to maintain health benefits (i.e., the circumstances under which coverage may lapse), as required by 29 CFR 825.300(c)(1)(iv);

    (G)    her status as a "key employee," and the possibility that restoration may be denied following FMLA leave, explaining the conditions required for such denial, as required by 29 CFR 825.300(c)(1)(v);

    (H)    her right to maintenance of benefits during her FMLA leave, as required by 29 CFR 825.300(c)(1)(vi);

    (I)    her right to be restored to the same or an equivalent position upon her return from FMLA leave, as required by 29 CFR 825.300(c)(1)(vi); and

    (J)    her potential liability for payment of health insurance premiums paid by the employer during her unpaid FMLA leave if she failed to return to work after taking FMLA leave, as required by 29 CFR 825.300(c)(1)(vii).

4.07    Defendant also failed to provide Plaintiff with a written designation notice within five business days after receiving information sufficient to determine whether the leave was being taken for a F.M.L.A. qualifying reason, as required by 29 C.F.R. § 825.300 (d).

4.08    The F.M.L.A. also requires that if an employer decides that a certification is incomplete or insufficient, it must provide the employee with seven calendar days to cure any such deficiency.  (29 C.F.R. § 825.305 (c).)

4.09    As a direct result of Defendant's blatant and repeated failures to follow the requirements of the FMLA, Plaintiff lost her job, and continues to suffer the results – loss of income, loss of benefits, and difficulty finding replacement employment.

4.10    Defendant directly interfered with Plaintiff's right under the FMLA to take twelve (12) weeks of unpaid leave per year for a qualifying reason (29 U,S.C.A.§ 2612), as well as her right to be reinstated to the same or an equivalent position after taking protected leave. (29 U.S.C.A.§ 2614).

4.11     Defendant's violation of the FMLA was willful or in reckless disregard of Plaintiff's statutory rights. The violation was not in good faith, and Defendant had no reasonable grounds to believe that it was not violating the FMLA. The requirements are set forth clearly, in no uncertain terms, in the regulations implementing the FMLA – these requirements are not vague, ambiguous, or newly implemented. Defendant had no reasonable excuse for refusing to follow them.

## V.

### DAMAGES

5.01     As a result of her wrongful termination, Plaintiff has suffered damages in the form of lost wages and benefits. Plaintiff is entitled to back pay, plus interest on that amount, to compensate her for that damage. 29 USC § 2617(a)(1)(A)(i)-(ii).

5.02     For the reasons set forth above, Plaintiff is also entitled to statutory liquidated damages in an amount equal to the amount awarded as back pay with interest. (29 USC § 2617(a)(1)(A)(iii).)

5.03     Because her damages are ongoing and unlikely to subside in the near future, Plaintiff is also entitled to the equitable remedy of front-pay. (29 USC § 2617(a)(1)(B).)

5.04     Plaintiff has also had to retain the services of an attorney as a result of her unlawful termination, and is entitled to recover her attorneys' fees, witness fees, and court costs she has already incurred and that she will continue to incur as this cause proceeds. (29 USC § 2617(a)(3).)

## VI.

### JURY DEMAND

6.01     Plaintiff requests a jury trial in this cause.

WHEREFORE, Plaintiff Susan Utter respectfully requests that Defendant be cited and summoned to answer, that she be permitted to try her case before a jury, and that on final trial, she be awarded the relief requested herein as well as any other relief to which she may be justly entitled.

*Respectfully submitted,*

**KILGORE & KILGORE, PLLC**

By: /s/ Nicholas A. O'Kelly
NICHOLAS A. O'KELLY
State Bar No. 15241235
**Kilgore Law Center**
3109 Carlisle Street
Dallas, Texas 75204
Tel: (214) 969-9099
Fax: (214) 953-0133
nao@kilgorelaw.com

**ATTORNEYS FOR PLAINTIFF SUSAN UTTER**